IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| American Credit Acceptance, LLC, | ) | Case No 7:23-cv-05477-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Caspian Auto House, Inc.; Autoline of VA, Inc.; Certified Auto Deal, Inc.; Total Auto Financing LLC; Flexacar LLC; 25350 Pleasant Valley LLC; Total Car Protection DRE 1 Reinsurance LTD; Elshan Bayramov; Babak Bayramov, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motions for default judgment as to certain Defendants and motion for summary judgment as to certain Defendants. ECF Nos. 261, 270. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 30, 2026, the Magistrate Judge recommended that the motion for default judgment be denied with leave to refile and that the motion for summary judgment be granted in part and denied in part. ECF No. 290. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Elshan Bayramov and Babak Bayramov ("the Bayramovs") filed objections to the Report, and Plaintiff filed a reply. ECF Nos. 291, 293.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends dismissing Plaintiff's fraud claim. He further recommends granting the motion for summary judgment as to Count 1, breach of note against Caspian Auto House Inc. ("Caspian"), Autoline of VA Inc. ("Autoline"), and Certified Auto Deal, Inc. ("CAD"); Count 2, breach of Credit Agreement against Caspian, Autoline, and CAD; Count 6, breach of Total Car Protection Dre 1 Reinsurance LTD ("Total Car") guaranty; Count 7, breach of Elshan Bayramov guaranty; and Count 8, breach of Babak Bayramov

2

guaranty.  He recommends denying with leave to refile the motion for default judgment. The Bayramovs filed objections as to Counts 7 and 8; accordingly, the Court's review of Counts 7 and 8 has been de novo.

With respect to Plaintiff's fraud claim, the Magistrate Judge warned Plaintiff that it was subject to dismissal for failure to state a claim.  No objections were filed as to this portion of the Report.  Upon review for clear error, the Court agrees that Plaintiff has failed to state a claim upon which relief can be granted.  Accordingly, Plaintiff's fraud claim is dismissed.  With respect to the Magistrate Judge's recommendation that summary judgment be granted in favor of Plaintiff on Counts 1, 2, and 6, no party has filed objections to this portion of the Report.  Accordingly, upon review for clear error, the Court agrees and grants summary judgment as to these Counts.  To the extent Plaintiff seeks a damages determination against the defaulting Defendants at this time or to have a judgment entered against them on these claims, that request is denied with leave to refile.

In their objections, the Bayramovs argue that the Report overlooks genuine issues of material fact and draws inferences against them as the non-moving party, that the Magistrate Judge engages in procedural technicalities, that the Magistrate Judge ignores the broader context, and that the Report reflects systemic procedural inequity against the Bayramovs.  *See* ECF No. 291.

The Court will first address recurring arguments and insinuations that are made throughout the Bayramovs' objections.  To the extent they assert that the Magistrate Judge ignored context, applied procedural rules, and unduly restricted the Bayramovs ability to proceed in this case, the Court disagrees.  There is no indication that any

3

relevant context has been ignored and there is certainly no restriction that the Court can find that prohibits applying the Federal Rules of Civil Procedure or the Local Civil Rules in federal civil cases. To the extent the Bayramovs insinuate any type of fundamental unfairness due to proceeding pro se during part of this litigation, there is no allegation that they were not treated as any other pro se party. Indeed, the court system allows individuals to proceed pro se and has implemented certain safeguards to explain the court process to them. The Bayramovs showed themselves to be very capable of engaging in the court process. With respect to the motion for leave to file an amended answer, that motion has been ruled on by the Magistrate Judge and affirmed by the undersigned. The Bayramovs' attempt to now cast a specter over the entirety of this action without formally challenging the ruling is without merit. These objections and implications are referenced throughout the objections and will not be addressed further herein.

As to the objection that the Magistrate Judge failed to draw all inferences in the light most favorable to the non-moving party, the Court has reviewed the record, the Report, and the applicable law and finds that the Magistrate Judge appropriately considered the evidence before him.[1]

---

[1] Specifically with respect to the Bayramovs' joint affidavit, the Magistrate Judge found that:

> the remaining "evidence" relied on by the Bayramovs appears to be their self-serving joint affidavit (doc. 276-4); however, conclusory and self-serving affidavits lacking *factual* details are insufficient to give rise to a dispute of material fact. *Dorsey v. Atrus*, C/A No 9:09-cv-01011-GLS-DEP, 2013 WL 5463720, at *8 (N.D.N.Y. Sept. 30, 2013) (citation omitted). Nevertheless, the undersigned will address relevant

4

***Counts 7 and 8: Breach of Contract***

The Bayramovs assert that the Credit Agreement[2] was presented to them under duress and was coercive, which raises issues of economic duress and procedural unconscionability. They contend that the Magistrate Judge summarily disregards this argument because it was not raised in the original answer and was, therefore, waived. The Bayramovs contend that this conclusion ignores that they attempted to raise this defense but the motion to amend the answer was denied as futile. In the objections, they assert that, particularly in light of the Bayramovs' pro se status, the result is "fundamentally unjust." ECF No. 291 at 8.

Essentially, the Bayramovs' arguments with respect to the Credit Agreement boil down to bad faith in that they assert that they were set up to fail. They contend that there are genuine issues of material fact as to how the guaranties were executed, what leverage was used, and whether the agreement was truly voluntary. ECF No. 291 at 9. They

arguments submitted by the Bayramovs in response to ACA's motion for summary judgment on the breach of contract claims against the Bayramovs.

ECF No. 290 at 20. Upon de novo review, the Court agrees with the Magistrate Judge that the affidavit lacks factual support. The affidavit was considered by the Magistrate Judge, and by the undersigned, where appropriate. Accordingly, objections with respect to the consideration of the joint affidavit are overruled.

[2] This refers to the amended and restated credit agreement dated effective July 14, 2023, in which Plaintiff agreed to make loans to Caspian, Autoline, CAD, and Total Auto Financing LLC ("TAF") in an amount not to exceed $30,000,000.00. Total Car was listed as one servicer on the agreement, and the Bayramovs were listed as guarantors on the agreement. The agreement stipulated that the Note, Credit Agreement, and guaranties would be governed by and construed in accordance with New York law.

assert that Counts 7 and 8 should be submitted to a jury.  The Bayramovs argue that Plaintiff engaged in self-interested actions that prevented them from being able to perform under the contract.  ECF No. 291 at 9.  These actions include blocking the sale of the receivables to a third-party purchaser, declining to allow money held in the Collection Account to be used toward a scheduled payment, and installing a conflicted and under-resourced servicer that mishandled collateral and diminished the receivables value.  *Id.* They assert the prevention of performance doctrine[3] under New York law and, again, proclaim bad faith.  *Id.* at 9–14.

With respect to Plaintiff's breach of contract claims against the Bayramovs, these claims are based upon a breach of the personal guaranties signed by each of the Bayramovs.  To establish a claim for breach of contract under New York law, a plaintiff must show: (1) the existence of an agreement; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by the defendant; and (4) damages caused by the breach.  *See Ellington Credit Fund, Ltd.*, 837 F. Supp. 2d at 188–89 (citation omitted).

As to the first element, there exists an agreement between the parties.  The Bayramovs each signed a personal guaranty with Plaintiff that was ratified as part of the Credit Agreement.  ECF Nos. 1-2; 1-6; 1-7; 270 at 12.  Further, it is clear that Plaintiff performed under the contract by funding loans in the amount of $30,000,000.  ECF Nos. 270 at 12–13; 271 at 3.

---

[3] All defenses are addressed below.

6

The Court agrees with the Magistrate Judge's discussion regarding the lack of evidence that the Bayramovs were forced into entering the Credit Agreement.  The fact that they faced difficult options does not transform the Credit Agreement into an unenforceable document and does not speak to whether Plaintiff performed under the contract.  The Court further agrees with the Magistrate Judge's discussion regarding the sale of receivables and the tender of a loan payment to be taken from the Collection Account.  The Bayramovs assert that they were denied the opportunity to sell receivables; however, they have presented no evidence that they submitted an actual offer from Capital Credit LLC to Plaintiff for consideration or that Plaintiff denied the request for sale.  Moreover, under the terms of the Credit Agreement, the Bayramovs were not permitted to use money in the Collection Account to make payments due under the Credit Agreement.

As to the third element for breach of contract, Plaintiff has established that there was a breach by the Bayramovs.  The Borrowers[4] breached the Credit Agreement by failing to make a payment of $100,586.47 on September 18, 2023; the Bayramovs breached their guaranties by failing to cover the payment.  ECF Nos. 192; 1-9; 1-6; 1-7; 270-1 at 5; 35 at 5.  Further, as discussed in more detail by the Magistrate Judge, Plaintiff has established that it is entitled to damages.  Based upon the foregoing, and the Magistrate Judge's discussion in the Report, the Court finds that summary judgment in favor of Plaintiff is appropriate with respect to Counts 7 and 8.

---

[4] The Borrowers are Caspian, Autoline, CAD, and TAF.

The Bayramovs assert various arguments regarding the calculation of damages. ECF No. 291 at 14–16.  They both argue that the issue of damages cannot be ascertained at this time and that the Magistrate Judge's recommendation that the issue be reserved for a time when it could be reasonably ascertained is incorrect.  They specifically assert that this proposal "invites confusion and piecemeal adjudication."  ECF No. 291 at 15. The Bayramovs contend that damages and liability go hand in hand and must be submitted to a jury.  *Id.* at 16.

The Court disagrees with their assertion that ruling on liability essentially requires a ruling on damages or else there is unfairness and inconsistency in rulings.  Indeed, the purpose of the Magistrate Judge's recommendation that the motion for default judgment be denied with leave to refile at a time when all parties can participate in the damages process is intended to prevent inconsistent rulings.  As Plaintiff has not filed objections to this portion of the Report, there are no additional arguments to consider.  The Court agrees with the recommendation of the Magistrate Judge with respect to damages and the motion for default judgment.

The Bayramovs next contend that the Report "applies an overly rigid framework and improperly weighs evidence."  ECF No. 291 at 16.  They argue that the Magistrate Judge interpreted New York law in an excessively narrow and formalistic manner and that he should not have evaluated the defenses separately.  With respect to frustration, they argue that the Magistrate Judge overlooked that they could not have foreseen Plaintiff's actions in working to thwart them from fulfilling their obligations under the contract.  They argue that New York law does not preclude their defenses of frustration or impossibility.

8

The Court specifically addresses each defense raised below, including frustration of purpose. The Court notes there that the Bayramovs' repeated exasperation that the Magistrate Judge applied the relevant law to their case is unpersuasive.

The Bayramovs assert that the Magistrate Judge accepted Plaintiff's evidence while discounting theirs. ECF No. 291 at 18. They also contend that the enforceability of the July 2023 guaranties, the legitimacy of Plaintiff's conduct, and the reasonableness of Plaintiff's contractual discretion are questions for the jury.

With respect to their argument that their evidence has been discounted, the Court has already determined that the record and applicable law do not support this conclusion. Moreover, the remaining arguments have been addressed herein and by the Magistrate Judge.

### Affirmative Defenses

The Bayramovs argue that the Magistrate Judge improperly rejected their defenses through "procedural technicalities" and improper fact-finding. ECF No. 291 at 19–31. They assert that the context was not considered, including the fact that they were pro se when they asserted their defenses, that they were denied leave to amend their answer, and that they were "substantially constrained in discovery due to pretrial rulings." *Id.* They then proceed through a discussion of the defenses asserted.[5]

---

[5] The Magistrate Judge discussed the statute of frauds, non-occurrence of a condition, and set off. It does not appear that these recommendations have been specifically objected to as defenses. Nevertheless, out of an abundance of caution, the Court has reviewed the record, the applicable law, and these portions of the Report de novo. Upon such review, the Court agrees with the recommendations of the Magistrate Judge.

*Duress, Unconscionability, and Bad Faith*

Duress is at the center of the Bayramovs' arguments regarding the motion to amend the answer. They have not requested formal review of the Court's order affirming the Magistrate Judge's denial of the motion to amend.[6] Accordingly, duress has not been pled and will not be further considered.

As to unconscionability, the Bayramovs argue that unconscionability is a question of fact and that they have presented evidence of procedural and substantive unfairness as recognized under New York law. ECF No. 291 at 20–21. They generally assert that bad faith can render an otherwise enforceable contract unenforceable but do not expand upon any bad faith defense beyond this. They assert that the Credit Agreement terms were more than unfair and were designed to engineer a default.

As explained in more detail by the Magistrate Judge, there is no issue of material fact with respect to whether the Credit Agreement terms were unconscionable or impractical.[7] The Bayramovs were sophisticated parties who ran several businesses and executed multiple contracts. There is no argument that there were hidden contract terms, that they were not aware that the document was back dated, or that they were prevented from contracting with another company to fund the loans considered by the Credit

---

[6] In their objections, the Bayramovs specifically state that they are not seeking "formal reconsideration" of the Magistrate Judge's orders. ECF No. 291 at 34.

[7] The Magistrate Judge found, and this Court agrees, that these defenses can be considered together.

10

Agreement.     Accordingly,  there  is  no  evidence  that  the  Credit  Agreement  was procedurally unconscionable.

Substantive  unconscionability  typically  requires  a  showing  of  terms  that unreasonably favor one party; however, "[a]bsent some violation of law or transgression of a strong public policy, the parties to a contract are basically free to make whatever agreement they wish, no matter how unwise it might appear to a third party." *State of N.Y. v Wolowitz*, 468 N.Y.S.2d 131, 145 (N.Y. App. Div. 1993) (internal quotation marks and citation omitted).  The Bayramovs argue that the Credit Agreement was substantively unconscionable because they were required to obtain Plaintiff's permission before selling any receivables.  However, they have produced no evidence that that Credit Agreement was grossly unreasonable or that they had an offer for the sale of receivables that was submitted to or denied by Plaintiff.  Accordingly, this defense fails.

### *Lack of Consideration*

The Bayramovs contend that the July 2023 guaranties and the Credit Agreement were not supported by new consideration.  ECF No. 291 at 21–23.  They assert that nothing of value passed to them because the extension imposed harsher terms and stricter oversight.  Any possible benefit to the Bayramovs was illusory due to the terms guaranteeing their failure.

Under New York law, the "slightest consideration is sufficient to support the most onerous contractual obligations, and the issue of inadequacy of consideration is for the parties to resolve upon entering into the contract" not for the court to consider when the

11

contract is being enforced. *Roffe v. Weil*, 555 N.Y.S.2d 779, 780 (N.Y. App. Div. 1990) (citation omitted). Plaintiff provided consideration by extending the time to pay the loans. Further, the Bayramovs stood to profit from the contract as guarantors. As explained in more detail by the Magistrate Judge, the evidence produced by the Bayramovs is insufficient to preclude a finding of summary judgment. Thus, this defense fails.

### Frustration of Purpose and Impossibility of Performance

The Bayramovs assert that Plaintiff's conduct rendered performance impossible and frustrated the essential purpose of the July 2023 agreement. ECF No. 291 at 23–25. They contend that the Magistrate Judge misconstrues the argument. They assert that these defenses are available where a party is deprived of the benefit of the bargain, particularly where the counterparty has created the obstructive conditions. They assert that Plaintiff's failure to allow them to sell the receivables and refusal to release the funds from the Collection Account trapped them into a non-performing position.

With respect to impossibility, under New York law it is a defense to a breach of contract claim when performance is rendered objectively impossible by "an unanticipated event that could not have been foreseen or guarded against in the contract." *Gap Inc. v. Ponte Gadea N.Y. LLC*, 524 F. Supp. 3d 224, 237 (S.D.N.Y. 2021) (internal quotation marks and citation omitted). Economic hardship, however, "even to the extent of bankruptcy or insolvency," does not excuse performance of a contract under the doctrine of impossibility. *407 E. 61st Garage, Inc. v Savoy Fifth Ave. Corp.*, 244 N.E.2d 37, 41 (N.Y. 1968) (citation omitted). The Court agrees with the Magistrate Judge that the Bayramovs have not presented sufficient evidence that the terms of the contract were

unanticipated events.  The funds in the Collection Account were not tendered because it was not within the Bayramovs' control to withdraw the funds.  Further, they have not produced evidence that they submitted an offer to Plaintiff or that Plaintiff denied the sale of receivables.

As to frustration of purpose, under New York law it "focuses on events that affect the consideration received by one party for his performance." *United States v. Gen. Douglas MacArthur Senior Vill., Inc.*, 508 F.2d 377, 381 (2d Cir. 1974).  The event that frustrates performance must "be both virtually cataclysmic and wholly unforeseeable." *Gap Inc.*, 524 F. Supp. 3d at 234 (internal quotation marks and citation omitted).  A party may not use frustration of purpose to unilaterally abrogate a contract merely because "it would be financially disadvantageous to perform it." *Bank of America Nat. Trust and Sav. Ass'n v. Envases Venezolanos, S.A.*, 740 F.Supp. 260, 266 (S.D.N.Y. 1990) (internal quotation marks and citation omitted).  As noted by the Magistrate Judge, the terms of the Credit Agreement were foreseeable and the defense of frustration of purpose cannot be used to avoid a disadvantageous contract.  Accordingly, these defenses fail.

### Unclean Hands and Related Misconduct Defenses

The Bayramovs assert that the Magistrate Judge "elevate[d] doctrinal formalism over substance and improperly foreclose[d] [them] from presenting evidence of serious creditor misconduct that remains relevant across several defenses."  ECF No. 291 at 25. They acknowledge that unclean hands is a "technical defense" but maintain that it "implicates a broader array of legal doctrines, including breach of the implied covenant of good faith, equitable estoppel, fraud in the inducement, and prevention of performance."

13

*Id.* They reassert that they were proceeding pro se for much of this litigation. The Bayramovs argue that, even if unclean hands does not bar a damages claim, the supporting evidence should be considered in determining damages. *Id.* at 26.

As to the Bayramovs' pro se status and the consideration of their pled defenses, they have received liberal construction as required by law. Beyond that is not required or appropriate. Accordingly, the Magistrate Judge properly considered the unclean hands defense, but not the variety of other defenses the Bayramovs now attempt to bring. This Court will do likewise. Under New York law, unclean hands is an equitable defense that cannot be utilized in an action seeking money damages. *Nomura Secs. Int'l, Inc. v. E\*Trade Secs., Inc.*, 280 F.Supp.2d 184, 196 (S.D.N.Y. 2003). Plaintiff seeks injunctive relief against the defaulting[8] and bankrupt[9] Defendants but only seeks monetary damages from the Bayramovs. As to the Bayramovs' arguments regarding damages, damages are not being considered at this time. Accordingly, this defense fails.

### *Accord and Satisfaction*

The Bayramovs assert that Plaintiff's refusal to accept the more than $400,000 from the Collection Account as payment amounted to wrongful rejection of performance, which should bar it from declaring default or pursuing further remedies. ECF No. 291 at 27–28. They contend that the Magistrate Judge's determination that the defense failed was a "legalistic conclusion." They argue that the Magistrate Judge's conclusion

---

[8] The defaulting Defendants are Caspian; Autoline; CAD; and Total Car.

[9] The bankrupt Defendants are TAF; Flexacar, LLC; and 25350 Pleasant Valley, LLC.

14

overlooks the general bad faith that runs throughout this case.  They also discuss Plaintiff's actions in the bankruptcy action.  The Bayramovs contend that, "taken together," they have established accord and satisfaction as well as waiver, bad faith, and failure to mitigate.

Under New York law, accord and satisfaction is applicable where there is a "clear manifestation of intent by the parties that the payment was made, and accepted, in full satisfaction of the claim." *TIAA Global Invs., LLC v. One Astoria Square LLC*, 7 N.Y.S.3d 1, 11 (N.Y. App. Div. 2015) (internal quotation marks and citations omitted).  The Bayramovs did not tender a payment to Plaintiff because the funds in the Collection Account could not be utilized for such under the Credit Agreement.  Moreover, the defense requires full satisfaction of the claim, not just a payment under their agreement. There is no indication that the Bayramovs offered or tendered full satisfaction. Accordingly, this defense fails.

### Failure to Mitigate

The Bayramovs argue that Plaintiff took no reasonable steps to mitigate its own losses after declaring default.  ECF No. 291 at 28–30.  They contend that this is a quintessential jury question and that Plaintiff replaced the loan servicer improperly.  They assert that they were "procedurally hamstrung" in developing this defense because the Magistrate Judge denied their motion to join Spartan Financial Partners as a party in this action.

To establish failure to mitigate under New York law, the breaching party "must show that the plaintiff *unreasonably* failed to minimize damages." *Supercom, Ltd. v.*

15

*Sabby Volatility Warrant Mater Fund Ltd.*, 700 F.Supp.3d 146, 158 (S.D.N.Y. 2023) (internal quotation marks and citations omitted). "[I]f the course of action chosen by the plaintiff was reasonable, the plaintiff can recover despite the existence of another reasonable course of action that would have avoided further damage. *Id*. (internal quotation marks and citations omitted). The defendant bears the burden of "introducing evidence to prove that plaintiffs could have lessened their damages." *Air et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir. 1985). As explained in more detail by the Magistrate Judge, the Bayramovs have provided no evidence beyond a self-serving affidavit to establish how Plaintiff's damages could have been reduced by using a different servicer. Conversely, there is evidence that Peritus, the servicer chosen, was not the only servicer considered and that the choice of Peritus was reasonable under the circumstances. Thus, this defense fails.

### *Waiver, Estoppel, and Failure to Exhaust Remedies*

The Bayramovs contend that the Magistrate Judge summarily dismissed these defenses. ECF No. 291 at 30–31. They assert that waiver and estoppel are classic jury questions when a party intentionally relinquishes a known right or induces reliance by another party to its detriment. They argue that Plaintiff had accepted technical defaults and worked with them in the past. With respect to exhaustion of remedies, the Bayramovs argue that Plaintiff did not pursue all reasonable remedies before accelerating its claims against them as the guarantors. They further assert that "[e]ven if every single defense were viewed as insufficient on its own, the combined weight of the evidence and the impact of [Plaintiff's] conduct plainly supports the need for trial." *Id.* at 31.

With respect to waiver, under New York law it is the "voluntary abandonment or relinquishment of a known right." *Excel Graphics Techs. v. CFG/AGSCB 75 Ninth Ave., LLC*, 767 N.Y.S.2d 99, 103 (N.Y. App. Div. 2003) (citation omitted). As explained in more, and sufficient, detail by the Magistrate Judge, waiver is not based upon prior contracts but rather the Credit Agreement. There is no evidence that Plaintiff relinquished a right related to the Credit Agreement.

As to estoppel, under New York law it is "grounded on notions of fair dealing and good conscience and is designed to aid the law in the administration of justice where injustice would otherwise result." *In re Ionosphere Clubs. Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (citation omitted). The elements of equitable estoppel are (1) conduct amounting to a false representation or concealment of material facts, (2) intention that the conduct be acted upon by the other party, and (3) knowledge of the real facts. *Int'l Mins. & Res., S.A. v. Pappas*, 96 F.3d 586, 594 (2d Cir. 1996) (citations omitted). The parties asserting estoppel must show that they (1) lacked knowledge and the means of knowledge of the true facts, (2) reliance upon the conduct of the other party, and (3) prejudicial changes in the parties' positions. *Id*. (citation omitted). Again, as explained in sufficient detail by the Magistrate Judge, none of the documents submitted by the Bayramovs show that they lacked knowledge of the disputed terms in the Credit Agreement or that Plaintiff falsely represented of any terms provided in the Credit Agreement.

With respect to failure to exhaust, the Bayramovs have likewise produced no evidence in support of their argument that summary judgment should not be granted.

Their conclusory allegation that Plaintiff's acted unreasonably is insufficient at this procedural posture.[10]  Accordingly, these defenses fail.

### *Remaining Arguments*

The Bayramovs assert that summary judgment is improper due to the related proceedings.  ECF No. 291 at 31–33.  This is yet another attempt to argue that the overarching context should overrule the facts of this case.  The Court declines to allow these claims to proceed to trial because there is other related litigation.  Such is not required by any procedural rule cited by the Bayramovs.

Finally, the Bayramovs assert that the Magistrate Judge's handling of the motion to amend their answer was procedurally unfair.  The matter of the motion to amend has been ruled on and will not be revisited here upon their informal invitation to do so.

In their conclusion, the Bayramovs request that this Court "preserve all appellate rights, including interlocutory appeal."  ECF No. 291 at 35.  They request that if the Report is adopted, that the undersigned "certify the order for interlocutory appeal under 28 U.S.C. § 1292(b) or otherwise structure the ruling to preserve appeal rights on all liability determinations."  Other than stating the statute, they have made no argument regarding any factors to be considered or any other statement of law with respect to an interlocutory appeal.  This request is insufficient.  To the extent they intend to pursue an interlocutory

---

[10] To the extent necessary, the Court also relies on the Magistrate Judge's discussion of the non-occurrence of a condition defense in ruling on the failure to exhaust defense.

appeal, they may properly move for such relief.  Any other request for relief or action by this Court must also be formally presented for consideration.[11]

### **CONCLUSION**

Upon review, the Court adopts the recommendation of the Magistrate Judge.  For the foregoing reasons, Plaintiff's claim for fraud is **DISMISSED**.  **T**he motion for default judgment [261] is **DENIED** with leave to refile.  The motion for summary judgment [270] is **GRANTED in part** and **DENIED in part**.  There are no genuine issues of material fact and liability is established against the defaulting Defendants or the Bayramovs with respect to Count 1, breach of note against Caspian, Autoline, and CAD; Count 2, breach of Credit Agreement against Caspian, Autoline, and CAD; Count 6, breach of Total Car guaranty; Count 7, breach of Elshan Bayramov guaranty; and Count 8, breach of Babak Bayramov guaranty.  The motion is denied to the extent that Plaintiff requests damages or a judgment against only some of the parties and some of the claims at this time.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 31, 2026
Spartanburg, South Carolina

---

[11] As to any other objection by the Bayramovs to a recommendation of the Magistrate Judge not specifically addressed herein, the Court adopts the recommendation of the Magistrate Judge.